UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION


**DON ANTIE JR**                                    **CASE NO.  6:21-CV-01460**

**VERSUS**                                          **JUDGE JUNEAU**

**JEREMY B MCBAIN ET AL**                           **MAGISTRATE JUDGE PATRICK J. HANNA**


REPORT AND RECOMMENDATION

Before this Court is a motion to remand (Rec. Doc. 6) filed by plaintiff Don Antie, Jr. in this case.  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636, recommending plaintiff's motion be GRANTED and, accordingly, plaintiff's suit be remanded to Louisiana's Sixteenth Judicial District Court for the Parish of St. Martin.

**Background**

This suit arises from a December 27, 2018 motor vehicle accident on I-10 in St. Martin Parish, Louisiana.  Plaintiff alleges that his Dodge Ram pickup truck was struck from behind by a Nissan Altima when an 18-wheeler driven by defendant Jeremy McBain ("McBain") rear-ended the Altima, pushing the Altima into his truck.  Plaintiff filed suit in Louisiana's Sixteenth Judicial District Court, naming as defendants McBain, Cheetah Transportation, LP ("Cheetah"), McBain's employer and the owner of the 18-wheeler; and Hudson Insurance Company ("Hudson"), the insurer of the 18-wheeler.  (Rec. Doc. 1-2).

1

The motion before the Court concerns the conduct of counsel during the prior stages of litigation in this case, leading up to plaintiff's decision to amend his state court petition to add as defendants Wal-Mart Transportation ("Wal-Mart") and Fidelity & Deposit Co. of Maryland ("Fidelity") on May 28, 2021.  Plaintiff alleges that, although it had some indicia that the trailer attached to the 18-wheeler driven by McBain at the time of the accident was owned by Wal-Mart, defendants were "noncooperative" in plaintiff's efforts to discover and confirm the relevance of Wal-Mart's role in ownership of the trailer.  (Rec. Doc. 6-1 at p. 6).

Once named as a defendant in this case, Wal-Mart removed the suit to this Court based on diversity jurisdiction.  (Rec. Doc. 1).  Wal-Mart's removal occurred more than one year after the filing of the suit and, thus, draws the objection of plaintiff as improper under 28 U.S.C. § 1446(c)(1), as outlined in the instant motion. Defendants oppose remand, alleging plaintiff withheld its claims against Wal-Mart from the suit in bad faith until after the delay for removal had expired, making Wal-Mart's removal proper in this case.  (Rec. Doc. 11).  Defendants cite a litany of documents and email tending to show that plaintiff had good reason to know of Wal-Mart's role in this suit at an early stage, yet did not name this defendant, suggesting willful forum manipulation.  (*Id.* at pp. 9-10).

## **Applicable Standard**

Federal courts are courts of limited jurisdiction, possessing jurisdiction over only such cases and controversies as authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over cases and controversies in which all parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A suit filed in a state court, over which a federal district court possesses original jurisdiction pursuant to § 1332 may be removed by any one or more defendant in the case to the district court for district and division in which the suit is then pending. 28 U.S.C. § 1441(a). A case may not be removed on the basis of federal diversity jurisdiction pursuant to § 1332 more than one (1) year after the commencement of the action unless the court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c).

When presented with a challenge under § 1446(c), the Court must attempt to discern "what motivated the plaintiff in the past – that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019). The removing party bears the burden of proving plaintiff's bad faith. The Court will construe the removal statute strictly and resolve any ambiguity in favor of remand. *Manguno v.*

3

*Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002); *Eastus v. Blue Bell Creameries*, LP, 97 F.3d 100, 106 (5th Cir. 1996).

## Analysis

Neither party disputes that Wal-Mart's removal was untimely under § 1446(c). Thus, as the party removing the suit, Wal-Mart and Fidelity bear the burden of showing plaintiff's bad faith in this case in order to support application of the exception to untimeliness. *Prescia v. Old Republic Ins. Co.*, 2018 WL 7001775 *3 n. 19 (M.D. La. 2018) (collecting cases). While there is no succinct Fifth Circuit standard for bad faith under § 1446(c)(1), courts within the Fifth Circuit generally focus on whether or not the removing party demonstrates conduct by the plaintiff amounting to a manipulation of the removal statute. *Rantz v. Shield Coat, Inc.*, 2017 WL 3188415 * 5 (E.D. La. 2017) (collecting cases). This Court finds that defendants fail to fulfill this burden.

Defendants attach a series of documents to their opposition purportedly showing plaintiff's knowledge of Wal-Mart's true knowledge of it as a true party in interest long before they were joined and sued in January of 2021. (Rec. Doc. 11). Defendants' argument is, essentially, that these documents provided all the proof plaintiff should have needed to resolve any doubt regarding the involvement of Wal-Mart in this case, but defendants – also privy to these documents – was under no

obligation to confirm Wal-Mart's identity as the owner of the trailer at issue. (*Id.* at pp. 6-7).

The Court sees defendants' summary of events in this case as one-sided. Defendants propounded interrogatories upon plaintiff including one interrogatory asking that plaintiff confirm that he underwent surgery since the date of the accident. Plaintiff affirmed having undergone surgery at the recommendation of a treating physician. Plaintiff's responses to defendants' interrogatories were dated June 29, 2020. (Rec. Doc. 6-4). Thus, as they admit, original defendants possessed indicia of removability in June of 2020, which was within the one-year delay provided by § 1446(c), yet they failed to remove the suit.

Moreover, the evidence cited by defendants as proof that plaintiffs had some indicia of Wal-Mart's identity as the trailer owner evidences yet another opportunity for defendants to bring about removal. This evidence includes an email from plaintiff's counsel to defense counsel referencing a conversation between them and posing a series of questions centering on determining whether McBain is employed by Wal-Mart; the accident report from the date in question; and various hiring and on-boarding documents generated by Cheetah at the time of plaintiff's hiring. (Rec. Do. 11-3, generally). Defendants do not show that they were deprived of these documents until after removal. Defendants' March 17, 2020 response to plaintiffs' question seeking confirmation that the trailer being pulled by McBain was owned

by Wal-Mart Transportation, LLC was needlessly vague, stating "[d]efendant is unable to admit or deny this request after reasonable investigation.  Therefore it is denied."  (Rec. Doc. 6-7 at p. 3).  Had the original defendants affirmed Wal-Mart's ownership of the trailer at issue, the case for naming Wal-Mart as a defendant would have been squarely before plaintiff.  Yet, defendants' answer to the interrogatory suggests the answer to Wal-Mart's ownership was not easily determined in this case.

Taken together, defendants' argument asks this Court to attribute knowledge to plaintiff that, as of March 17, 2020, defendants themselves attest they could not establish despite "reasonable investigation."  Put another way, if defendants were unable to discern Wal-Mart's relationship to plaintiff using their best effort and, in all likelihood with the benefit of better information than plaintiff was privy to, we see no basis to attribute bad intent to plaintiff for failing to solve this "puzzle."

## Conclusion

Given these facts, we find no evidence of "transparent forum manipulation" by plaintiff and, accordingly, no basis for a finding of bad faith under § 1446(c)(1) in this case.  As such, Wal-Mart and Fidelity's removal is untimely and this suit must be remanded to Louisiana's Sixteenth Judicial District Court from which it originated.  This court will so recommend.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 11th day of August, 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE